203 So.2d 691

**Sydney C. COPELAND d/b/a Pat Copeland Motors,**

v.

**Mary J. CRABTREE.**

**I Div. I89.**

Court of Appeals of Alabama.

Sept. 5, 1967.

Rehearing Denied Oct. 5, 1967.

Moore, Moore, Downing & Layden, Mobile, for appellant.

Cunningham, Bounds & Byrd, Mobile, for appellee.

CATES, Judge.

This civil appeal was submitted on written argument February 23, 1967.

The action was for deceit in the sale of a used motor car. Mrs. Crabtree took judgment after verdict for $1,000.00 against Copeland, the vendor.

The appellant's Statement of the Case is as follows:

"This case was commenced by the filing of a complaint in three counts. The first count is a count for breach of contract wherein the Plaintiff claimed that the Plaintiff and the Defendant entered into a contract on October 19, 1963, wherein the Defendant, Appellant here, in consideration of a certain amount of money agreed to transfer an automobile described in the complaint and avers that the breach was that the Defendant failed to transfer said automobile in good and proper working condition.

"Count Two is a claim for damages for breach of a warranty in the sale of an automobile in that the Defendant failed to convey in good and proper working condition a certain automobile sold under a contract.

"Count Three is deceit in the sale of a chattel."

Rule 9, Revised Rules of the Supreme Court of Alabama, which this court follows in civil cases, reads in pertinent part:

"Appellant's brief under separate headings shall contain: (a) under the heading 'Statement of the Case,' a concise statement of so much of the record as fully presents every error and exception relied upon referring to the pages of the transcript; (b) under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely;  *   *   *"

Since the Statement of the Case goes no further than to list the appellee's pleadings we are presented with no claim of error below.

Moreover, no condensed recital under (b) of the Rule appears in the Statement of the Facts.

We quote from Higgins, Brief and Argument, Alabama Appellate Practice (1963), p. 41, wherein this Rule 9(a) is commented on thus:

" * * * This does not mean that the assignments of error are set out in this part of the brief, nor does it mean that counsel must list the various instances during the course of the trial where he claims that the trial court erred in its rulings on the evidence. On the other hand, the various issues which are involved in the appeal must be pointed out to the court, and it must be shown in what part of the transcript of the record these issues appear, by referring to pages of the transcript. It is most important that reference be made to the pages of the transcript where the matter involved appears, for this enables the justices to readily locate the matter without searching through the entire record for it. * * * "

Accordingly the judgment below is due to be

Affirmed.